**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kjell Kristiansen, | No. CV-22-01976-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Feras Aldaoud, et al., | |
| Defendants. | |

Defendant Feras Aldaoud, MD ("Dr. Aldaoud") and his spouse, Defendant Chaden Mourani (collectively "Defendants"), have filed a Motion to strike certain allegations made by Plaintiff Kjell Kristiansen ("Plaintiff") in his First Amended Complaint ("FAC") (Doc. 14). (Doc. 16) (Defendants' "Motion to Strike"). Plaintiff filed a Response (Doc. 18) and Defendants filed a Reply (Doc. 19).[1] The Court must decide whether certain allegations in the FAC should be stricken under Federal Rule of Civil Procedure 12(f). For the following reasons, the Court denies Defendants' Motion.

**I.    Background**

This matter arises under the Employment Retirement Income Security Act of 1974

---

[1] Defendants also filed a Supplement to their Reply (Doc. 22), which the Court will construe as a Sur-reply. Plaintiff later moved to Strike Defendant's Sur-reply. (Doc. 23). The Court will strike Defendants' Sur-Reply because sur-replies are not allowed under the Local Rules unless otherwise ordered by the Court. *See Millenium 3 Technologies v. ARINC, Inc.*, 2008 WL 4737887, at *2 (D. Ariz. Oct. 29, 2008) (noting that absent prior leave of court, sur-replies and sur-responses are not authorized by Rule 7, any other Federal Rule of Civil Procedure, or this District's Local Rules). In any event, the Court need not review the material in Defendant's Sur-reply to resolve Defendant's related Motion to Strike FAC Allegations.

("ERISA"), 29 U.S.C. § 1001 *et seq.*, with respect to an investment Plaintiff made through his retirement account. Plaintiff also filed a related action against Defendants under Arizona state contract law in the Maricopa County Superior Court's commercial court (the "State Contract Action"). *See Kristiansen v. Aldaoud*, No. CV2021-019118 (Maricopa Cnty. Super. Ct. Dec. 16, 2021).[2] Below is an overview of the present ERISA matter and the FAC allegations in dispute.

### A.     The Present ERISA Matter

Dr. Aldaoud is alleged to be the Director of Integrated Premier Group Specialty Inc. (the "Corporation"), an Arizona corporation. (Doc. 14 at ¶ 7). The Corporation carries out the Integrated Premier Group Specialty, PLLC 401(K) Plan (the "Plan") for its employees. (*Id.* at ¶ 6). Dr. Aldaoud allegedly acts as a trustee, fiduciary, party interest, and administrator to the Plan. (*Id.* at ¶ 17). Plaintiff was employed at the Corporation, and thus was a Plan participant. (*Id.* at ¶ 6).

The Corporation's wholly owned subsidiary is Integrated Premier Group Specialty LLC ("the Business"), which is a multidisciplinary health care provider that facilitates primary care, psychiatry, and podiatry services to senior citizens. (Docs. 14 at ¶ 10; 16 at 3). Dr. Aldaoud formed the Business in 2015 as its owner and sole member. (Doc. 14 at ¶¶ 9, 11). Dr. Aldaoud also provides medical services at the Business. (*Id.*)

Plaintiff invested in the Corporation $1,000,000 from another qualified retirement account (the "Investment Funds" or "Plaintiff's Investment"). (*Id.* at ¶ 27). Plaintiff represents the purpose of his Investment was for the Corporation to, among other things, purchase larger office space and "fund additional services and staffing for [the Business]." (*Id.* at ¶25(B)). Plaintiff claims that Dr. Aldaoud mismanaged the Plan and the Investment Funds and brought the following claims against Defendants under ERISA: Count One for breach of fiduciary duty; and Count Two for prohibited transactions. (*Id.* at ¶¶ 51–64).

---

[2] Plaintiff brought state law claims for (1) fraud; (2) negligent misrepresentation; (3) securities fraud under A.R.S. § 44-1991(A); (4) breach of fiduciary duty; and (5) conversion. (Doc. 28-1) (The State Contract Action Complaint). That State Contract Action arises from "Dr. Aldaoud's negotiations with Plaintiff before he decided to invest in [the Corporation] and for the actions Dr. Aldaoud took as [the Corporation's] director and president after Plaintiff decided to invest in [the Corporation.]" (Doc. 28 at ¶ 8).

**B. The Allegations in Dispute**

In his initial Complaint (Doc. 1), Plaintiff alleged Dr. Aldaoud effectuated Plaintiff's Investment in the following manner:

> In or about October, 2019, Dr. Aldaoud contributed his membership interest in IPGS LLC to IPGS Inc., an Arizona corporation, in exchange for 800 shares of common stock, which amounts to 80% of the combined voting power of all classes of stock entitled to vote and 80% of the total value of shares of all classes of stock of the corporation.

(*Id*. 1 at ¶ 13). The parties later stipulated to Plaintiff filing the FAC, which the Court granted. (Docs. 12; 13). In addition to the allegation above, Plaintiff set forth an alternative set of allegations[3] in his FAC:

> Pleading in the alternative, based on Dr. Aldaoud's discovery responses and moving papers in related litigation pending in Maricopa County Superior Court served on January 17, 2023, Dr. Aldaoud received, in exchange for his 100% ownership interest in Integrated Premier Group Specialty, LLC, 80% stock ownership in IPGS, Inc. valued at $4,000,000 plus $1,000,000 cash from the Plan; that is, according to Dr. Aldaoud, the Plan purchased from Dr. Aldaoud, 200 shares of common stock, representing a 20% ownership interest, in IPGS, Inc.

(Doc. 14 at ¶ 14). Defendants' Motion seeks to strike various allegations in connection with Plaintiff's alternative set of pleadings.

**II. Legal Standard**

"[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Under the Local Rules of Civil Procedure, a motion to strike may be filed in only two situations: (1) when the motion to strike is authorized by statute or rule, or (2) when the motion to strike seeks to strike a filing or submission because it is prohibited by statute,

---

[3] Federal Rule of Civil Procedure 8 provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2).

rule, or court order. LRCiv. 7.2(m)(1). Rule 12(f)[4] authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Defendants here argue certain allegations in Plaintiff's FAC should be stricken as immaterial and impertinent. (Doc. 16 at 8–9). "The decision to grant or deny a motion to strike is within the court's discretion." *Sunburst Mins., LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018).

"Motions to strike are a drastic remedy and generally disfavored." *Martinez v. Alltran Fin. LP*, 2019 WL 1777300, at *3 (D. Ariz. Apr. 23, 2019); *see also Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1774, 1182 (S.D. Cal. Mar. 19, 2015). "Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed." *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527–28 (9th Cir. 1993)); *see also Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Furthermore, Rule 12(f) motions typically requires a showing of prejudice on behalf of the moving party. *Greenwich Inv. Mgmt. Inc. v. Aegis Cap. Corp.*, 2023 WL 2614941, at *1 (D. Ariz. Mar. 23, 2023). "[T]he court should view the pleading in the light most favorable to the nonmoving party" when ruling on a motion to strike. *Hale v. Norcold Inc.*, 2019 WL 3556882, at *4 (D. Ariz. Aug. 5, 2019) (citing *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).

### III.   Discussion

Defendants move to strike the following allegations from the FAC as immaterial and impertinent:

- Pleading in the alternative, based on Dr. Aldaoud's discovery responses and moving papers in related litigation pending in Maricopa County Superior Court served on January 17, 2023, Dr. Aldaoud received, in exchange for his 100% ownership interest in Integrated Premier Group Specialty, LLC, 80% stock ownership in IPGS, Inc. valued at $4,000,000

---

[4] Except where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

- 4 -

plus $1,000,000 cash from the Plan; that is, according to Dr. Aldaoud, the Plan purchased from Dr. Aldaoud, 200 shares of common stock, representing a 20% ownership interest, in IPGS, Inc.

- Dr. Aldaoud did not disclose to Mr. Kristiansen . . . [t]hat the proceeds of Mr. Kristiansen's Investment (defined below) would not be used for the purposes represented by Dr. Aldaoud, but rather would either be used to fund distributions to the shareholders of IPGS, Inc., including Dr. Aldaoud, and/or loans to Dr. Aldaoud, and/or that the funds would be used to acquire an interest in IPGS, Inc. and/or IPGS LLC directly from Dr. Aldaoud.

- Dr. Aldaoud did not disclose to Mr. Kristiansen . . . [t]hat Dr. Aldaoud intended to divert all or part of the Investment proceeds to himself, or others on his behalf, in the form of loans, personal investments, or by characterizing the Investment as an acquisition of an interest in IPGS, Inc. and/or IPGS LLC directly from Dr. Aldaoud, requiring a $1,000,000 payment from the Plan to Dr. Aldaoud, rather than as a $1,000,000 contribution payment from the Plan to IPGS, Inc. to be used to fund additional services and staffing for its wholly owned subsidiary.

- Alternatively, based on Dr. Aldaoud's discovery responses and moving papers in related litigation pending in Maricopa County Superior Court served on January 17, 2023, a 20% ownership interest in IPGS, Inc. was purchased by the Plan from Dr. Aldaoud for $1,000,000. This admission by Dr. Aldaoud is in direct contravention of Mr. Kristiansen's instructions to Dr. Aldaoud, as Trustee of the Plan, to invest the $1 million in the Plan account to purchase 200 shares of stock of IPGS Inc. from IPGS Inc.

- Dr. Aldaoud alleges in related litigation pending in Maricopa County Superior Court that "[Mr. Kristiansen] bought 20% of . . . . Aldaoud's 100% ownership of IPGS, LLC" . . . . and that "Aldaoud remained free to use the money paid by [Mr. Kristiansen] for 20% of his interest as he sought fit."

- Alternatively, if the Plan acquired a 20% ownership interest in IPGS, Inc. from Dr. Aldaoud for $1,000,000, as Dr. Aldaoud alleges in the related litigation, it constituted a prohibited transaction pursuant to 29 U.S.C. § 1106(a)(1)(A), (D) in that it constituted a direct or indirect exchange of property between the Plan and Dr. Aldaoud, as a party in interest, and a direct or indirect transfer to, or use by or for the benefit of Dr. Aldaoud, as a party in interest, of assets of the Plan.

- 5 -

(Doc. 14 at ¶¶ 14, 26(A), 26(E), 40, 54, 56) (the "Alternative Allegations"). The Alternative Allegations either describe the manner in which Dr. Aldaoud purportedly effectuated Plaintiff's Investment or summarize the allegations made by Dr. Aldaoud in the State Court Action. Under Rule 12(f), the relevant inquiries when evaluating Defendants' Motion to Strike are: (1) whether the Alternative Allegations are immaterial or impertinent; and (2) whether Defendants will be prejudiced by the Alternative Allegations. The Court will examine each issue in turn.

**A.      Whether the Alternative Allegations are Immaterial or Impertinent**

Defendants urge the Court to strike the Alternative Allegations as immaterial and impertinent "because there is no admissible evidence to support them." (Doc. 16 at 9–10). They contend the only possible supporting evidence would be Dr. Aldaoud's responses to a request for admissions in the State Contract Action, which cannot be used to bind him in the present matter. (*Id.* at 9). Defendants further argue the Alternative Allegations "are baseless and made for the purpose of creating a fact issue (where none exists) to preclude Dr. Aldaoud from a successful motion to dismiss." (*Id.* at 1).

Plaintiff confirms the Alternative Allegations are based on "Dr. Aldaoud's statements as reflected in [his] Answers to Interrogatories," "moving papers," and motion for reconsideration briefs in the State Contract Action. (Doc. 18 at 5, 7–8). Nonetheless, Plaintiff argues that Defendants are using their motion to strike for an improper purpose: to ensure they can file "a successful motion to dismiss." (*Id.* at 1). Plaintiff further reasons that this improper purpose establishes the Alternative Allegations have "an essential or important relationship to the claims for relief and that they pertain, and are necessary, to the issues in question[.]" (*Id.* at 6).

The Court notes that both parties cite to a multitude of filings in the State Contract Action. But this matter is not governed by state court proceedings, nor could it be. Neither is a motion to strike the proper forum to resolve disputes of fact or to support anticipated motions to dismiss. *See* Fed. R. Civ. P. 12(f). The purpose of this Order is to address the narrow issue of whether the Alternative Allegations are permissible under the discrete set

of circumstances set forth by Rule 12(f).

### 1. Materiality

First, the Ninth Circuit defines a matter as "immaterial" under Rule 12(f) when it "has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone*, 618 F.3d at 974 (citing *Fogerty*, 984 F.2d at 1527). Plaintiff argues the Alternative Allegations relate to his Count One for breach of fiduciary duty because they describe how Dr. Aldaoud "contravene[d Plaintiff's] proper investment directions[.]" (Doc 18 at 5). Plaintiff further contends the Alternative Allegations relate to his Count Two for prohibited transactions because they illustrate how Dr. Aldaoud's management of the Investment Funds constitute "'a direct or indirect' exchange of property, i.e., a loan, between the Plan and Dr. Aldaoud." (*Id.* at 5) (citing 29 U.S.C. §§ 1106(a)(1)(A), (B), (D)).

When viewing the FAC in light most favorable to Plaintiff, Plaintiff has shown the Alternative Allegations should not be stricken on immaterial grounds.

### 2. Pertinence

Second, a matter is "impertinent" under Rule 12(f) when it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Whittlestone*, 618 F.3d at 974 (citing *Fogerty*, 984 F.2d at 1527). Plaintiff posits the Alternative Allegations pertain to the issues of whether Dr. Aldaoud's management of the investment funds constitute a breach of fiduciary duty under Count One and a prohibited purchase transaction, as defined by ERISA, under Count Two. (Doc. 18 at 6) (citing 29 U.S.C. §§ 1106(a)(1)(A), (D)).

When viewing the FAC in light most favorable to Plaintiff, Plaintiff has shown the Alternative Allegations should not be stricken on impertinent grounds.

### 3. Motions to Strike are an Improper Vehicle for Evidentiary Objections

Defendants do not argue that the Alternative Allegations are immaterial or impertinent based on the Ninth Circuit's definitions. Instead, Defendants rely on *Delano*

*Farms Co. v. Cal. Table Grape Comm'n*, 623 F. Supp. 2d 1144, 1183 (E.D. Cal. 2009) for the proposition that allegations that are unprovable may be stricken as immaterial and impertinent. (Docs. 18 at 8–9; 19 at 3). As pointed out by Plaintiffs, the district court in *Delano* summarily denied the subject motion to strike without analyzing whether the allegations sought to be stricken could be supported by any admissible evidence. *Id.* (citing *Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F.Supp. 945, 947 (C.D. Cal. 1990), *abrogated on other grounds by Stanton Road Associates v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir.1993)). Thus, not only is *Delano* not binding on this Court, but it is also not persuasive. Defendants appear to cherry pick a statement of law that stems from the Second Circuit. *See Pease & Curren Refining, Inc.*, 744 F.Supp. at 947 (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2nd Cir. 1976)).

The Court acknowledges Defendants' efforts to identify additional, nonbinding authorities that have granted motions to strike on evidentiary grounds.[5] Even so, the Court is more persuaded by the principle that "allegations in [a] complaint are not evidence, and need not meet any evidentiary standard." *Remington v. Mathson, No.*, 2017 WL 2670747, at *6 (N.D. Cal. June 21, 2017); *see also VBS Distribution v. Nutrivita Labs., Inc.*, 811 F. App'x 1005 (9th Cir. 2020) (in the summary judgment context). This is because determinations on whether evidence is admissible are generally "not ripe for decision until an offer has actually been made to introduce the challenged material into evidence." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 491 (C.D. Cal. 2014). Rather, evidentiary objections should be brought through motions in limine at the appropriate juncture. *See TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, 2010 WL 3034880, at *4 (D. Ariz. Aug. 3, 2010). The Court thus joins the authorities in this district and circuit that have held it improper for a party to use a motion to strike, especially with respect to allegations in a complaint, as a means of raising evidentiary objections.[6]

---

[5] For additional support, Defendants cite to *Ogundele v. Girl Scouts-Ariz. Cactus Pine Council, Inc.*, 2011 WL 1770784, at *9 (D. Ariz. May 10, 2011) and *McCrary v. Elations Co., LLC*, 2013 WL 6403073, at *7 (C.D. Cal. July 12, 2013). (Doc. 19 at 3).

[6] *See e.g.*, *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, 2010 WL 3034880, at *4 (D. Ariz. Aug. 3, 2010) (denying a motion to strike allegations in the complaint when

- 8 -

Moreover, the proposition that a complaint need not produce admissible evidence broadly aligns with Rule 11:

> By presenting to the court a pleading, . . . an attorney [] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(3). Although "an attorney has a duty prior to filing a complaint [ ] to conduct a reasonable factual investigation," a plaintiff is only required to plead facts at the pleading stage, not produce admissible evidence. *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996 (N.D. Cal. 2008) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).

Upon review of Defendants' Motion to Strike and Plaintiff's Response, it is evident that the parties heavily dispute the manner in which Plaintiff's Investment Funds were implemented among the Corporation and Business. However, evidentiary objections to these factual allegations are a non-issue at this juncture and cannot support Defendants' Motion to Strike. *Amini Innovation Corp.*, 301 F.R.D. at 491 (rejecting the defendants' argument to strike allegations as impertinent because they that could not be admitted as evidence).

### B.    Whether Defendants Will be Prejudiced

The Court further finds that the Alternative Allegations would not result in prejudice to the Defendants. First, Defendants cite *BBK Tobacco & Foods LLP v. Skunk Inc.* to argue

---

based on Federal Rule of Evidence 408 objections); *Johnson v. Proctorio Inc.*, 2022 WL 621766 (D. Ariz. Mar. 3, 2022) (same); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2015 WL 12765483, at *3 (C.D. Cal. Feb. 12, 2015) (denying a motion to strike allegations in the complaint when based on Federal Rule of Evidence 403 objections); *In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085 (N.D. Cal. Jan. 4, 2018) (denying a motion to strike allegations in the complaint when based on hearsay objections); *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1004–05 (N.D. Cal. 2008) ("Plaintiffs are undoubtedly correct that pleadings need not contain admissible evidence . . . . The Court therefore agrees with plaintiffs that there is no basis to strike on evidentiary grounds.").

the Alternative Allegations would require them "to proceed through costly discovery before he could obtain dismissal of this matter." (Doc. 16 at 10) (citing 2019 WL 6065782, at *1 (D. Ariz. Nov. 15, 2019)). In that case, the Court found the defendant's discovery contention "unpersuasive" because "a party propounding an overly burdensome discovery request may be required to bear the costs of its request." *Id*. at *2. The Court finds the same here. And, as discussed, Defendants have failed to show how the Alternative Allegations falls within the circumstances under Rule 12(f) that would contribute to frivolous discovery on the basis of immaterial and impertinent matters.

Second, Defendants say the Alternative Allegations would result in prejudice because it would prevent them from filing a "successful" motion to dismiss and be "forced to defend this lawsuit." (Doc. 19 at 7). Defendants base this assertion on the argument that the FAC contains "spurious allegations [that] run afoul of Rule 12(f)." (*Id*.) But again, Defendants have failed to show the Alternative Allegations should be stricken under Rule 12(f). Defendants therefore cannot show prejudice on these grounds.

## IV. Conclusion

In sum, Plaintiff has sufficiently shown the Alternative Allegations in the FAC are not immaterial or impertinent under Rule 12(f). Defendants cannot use their Motion to Strike to advance evidentiary objections at this stage of litigation because the complaint sets forth allegations and is not yet weighed in terms of admissible evidence. And because Defendants cannot show the Alternative Allegations should be stricken under any circumstance provided by Rule 12(f), Defendants necessarily cannot show prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Feras Aldaoud, MD and Chaden Mourani's "Motion to Strike Certain Allegations in Plaintiff's First Amended Complaint" (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Kjell Kristiansen's "Motion to Strike Defendant's Supplement or for Leave to Respond to Argument" (Doc. 23) is **GRANTED**. Defendants' "Supplement to Motion to Strike Certain Allegations in Plaintiff's First

1  Amended Complaint" (Doc. 22) is **STRICKEN** from the record.

2  Dated this 15th day of June, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge